UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

CARL McCLELLAND,                                              DECISION
                             Petitioner,                        and
         v.                                                             ORDER

ROBERT KIRKPATRICK,                                          08-CV-683F
                             Respondent.                     (Consent)
_____

APPEARANCES:         CARL McCLELLAND, *pro se*
                            04-B-3307
                            Wende Correctional Facility
                            Box 1187
                            Alden, New York    14004-1187

                            FRANK A. SEDITA, III
                            Erie County District Attorney
                            Attorney for the Respondent
                            DONNA A. MILLING
                            Assistant District Attorney, of Counsel
                            25 Delaware Avenue
                            Buffalo, New York   14202

       In this habeas proceeding, brought pursuant to 28 U.S.C. § 2254, Petitioner moved, by papers filed July 27, 2009 (Doc. No. 10) for a subpoena to the City of Buffalo Police Department to produce transcripts of tape recorded 911 phone calls by victims of a residential burglary which occurred at 695 Humboldt Parkway, Buffalo, New York on August 15, 2003 ("911 transcripts") for which Petitioner was convicted.  Petitioner asserts several claims, including, as relevant to the instant motion, ineffective assistance of counsel in connection with the prosecution of Petitioner's motion to suppress based on Petitioner's contention that Petitioner's incriminating statement and discovery of stolen property, admitted at trial, constituted fruits of Petitioner's unlawful arrest or detention without probable cause.  Specifically, Petitioner seeks the 911

transcripts in order to bolster his contention, raised on Petitioner's motion for post-conviction relief, that defense counsel failed to adequately argue that Petitioner was detained in handcuffs without reasonable suspicion or probable cause while the police attempted to determine whether Petitioner could be lawfully held for further investigation or arrested. Petitioner's argument is based on the fact, asserted by Petitioner, that the arresting officer did not learn of the burglary, for which Petitioner was subsequently charged, until after Petitioner was required, while detained, to disclose the contents of two bags containing property stolen from the burglarized residence and make an incriminating statement prior to the time, 5:23 a.m., when the burglary was reported to the police in the alleged 911 call and the owner of the burglarized home identified the property, displayed on the police car in which Petitioner was seated, as stolen and resulting in Petitioner's arrest for such offenses.

By affidavit, filed November 17, 2009, (Doc. No. 12) ("Milling Affidavit") Respondent's attorney contends that Petitioner has failed to demonstrate the requisite good cause for the subpoena, and states that "a review of the record reveals no 911 call was placed in the instant case," Milling Affidavit ¶ 7, and, as a result, that "this tape does not exist." *Id.* ¶ 8.

In his Reply Affidavit, filed December 7, 2009 (Doc. No. 130) ("McClelland Affidavit"), Petitioner argues if the 911 call transcript had been requested by his trial attorney, it would have confirmed Petitioner's arrest without probable cause commenced at an earlier point in time after his encounter with the arresting officer commenced near the residence that was burglarized, McClelland Affidavit ¶ 11, and that the discrepancy between the arresting officer's testimony asserting the exact time

2

of Petitioner's arrest, after one of the owners identified the property found in Petitioner's possession, would have created a serious issue of the officer's credibility causing the state court judge to agree with Petitioner's reconstruction of the time-line leading to his arrest and charges thereby demonstrating that the discovery of the stolen property and Petitioner's statement were the fruit of Petitioner's unlawful detention and not based on reasonable suspicion or probable cause. *Id.* ¶ 12. According to Petitioner, such discrepancy would have resulted in acquittal as the supposed discrepancy would also have undermined the credibility of the arresting officer's trial testimony directed to Petitioner's guilt. *Id.* ¶ 1. Petitioner further contends that Respondent's assertion that the 911 transcript does not exist contradicts Petitioner's belief that his trial attorney had previously informed Petitioner that the tape of the 911 call existed, and that his attorney had received a copy, but that the copy received by the attorney was "inaudible." McClelland Affidavit ¶ 11. Petitioner therefore requests that the court assign counsel to investigate and determine whether the "actual," *id.* ¶ 11, 911 tape or transcript exists. Alternatively, Petitioner requests a subpoena for a "CAD Report Transmission" and "the Dispatcher's Report Transmission" in order to demonstrate further inconsistencies between the arresting officer's testimony at the suppression hearing and trial regarding the specific investigative steps leading to Petitioner's arrest on the burglary charge. *Id.* ¶ 16. Petitioner does not further identify the requested CAD Report Transmission.

Discovery in a federal habeas proceeding is limited and requires a showing of "good cause." *Hendrix v. West*, 2009 WL 2378672, at *14 (W.D.N.Y. Aug. 3, 2009). Here, Petitioner seeks the transcripts or tape recording of possible 911 calls made by a victim of the house burglary for which Petitioner was convicted. Based on a reading of

Petitioner's motion it appears that Petitioner believes the 911 tape or transcripts may establish that the police learned of the reported residential burglary after Petitioner was physically detained in a police car near the place of the burglary without reasonable suspicion or probable cause, and that defense counsel's failure to pursue this ground for suppression demonstrates ineffective assistance of counsel at the suppression hearing conducted in Petitioner's case which resulted in an adverse ruling to Petitioner. *See McCalla v. Greiner*, 378 F.Supp.2d 262, 271 n. 5 (W.D.N.Y. 2005) (ineffective assistance of counsel claim based on Fourth Amendment suppression litigation not barred by *Stone v. Powell)* (citing *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986)). However, according to Respondent, the underlying 911 tape or tapes do not exist.

Petitioner's theory of attack on his defense counsel's performance on Petitioner's unsuccessful suppression motion based on his counsel's alleged failure to obtain, and use as impeachment material, the 911 tapes or transcripts does not establish good cause for Petitioner's subpoena request. Nothing in Petitioner's Reply Affidavit explains how defense counsel could have negated the arresting officer's testimony that Petitioner was arrested and charged only after one of the victims arrived on foot at the police car where Petitioner was being held, verbally reported that his home, a few doors away, had been burglarized, and contemporaneously identified the contents of bags the police had observed Petitioner had been carrying when he was stopped for questioning as stolen property which the officers asserted Petitioner had consensually revealed during his encounter with the police.

Petitioner's argument, based on the supposition that any possible variance between the time of the 911 complaint and when police testified Petitioner was arrested

4

created serious credibility issues for the arresting officer's testimony at the suppression hearing, is unavailing as, in federal habeas review, questions of credibility of witnesses are left to the trier of fact, in this instance, the county court judge who conducted the suppression hearing and, as such, provides no basis for federal habeas relief even if further discrepancies could have been demonstrated. *Scott v. Fisher*, 652 F.Supp.2d 380, 430 (W.D.N.Y. 2009) (holding, absent clear and convincing evidence to the contrary, the district court considering a § 2254 habeas petition, cannot "disturb the state court's credibility determinations" regarding witness testimony at a suppression hearing) (citing cases); *Shabazz v. Artuz*, 446 F.3d 154, 161 (2d Cir. 2003) (the presumption of correctness accorded a factual determination, absent clear and convincing evidence to the contrary, "is particularly important when reviewing the trial court's assessment of witness credibility").

Moreover, the trial court, in rejecting Petitioner's request for post-conviction relief on the same ground, thoroughly considered defense counsel efforts to establish the same point that Petitioner's habeas claim hinges upon, *i.e.*, that the court should have disbelieved the arresting officers recounting of the scenario leading to Petitioner's arrest, if defense counsel had been more effective by cross-examining the officers using the 911 transcripts to bolster Petitioner's motion to suppress. See Memorandum and Order of Hon. Shirley Troutman, Erie County Court Judge, dated December 22, 2006, attached as an exhibit to the Petition, at 2-3. Petitioner fails to consider that the burglary could have been reported via a 911 call by the wife of the victim who entered the house while her husband reported the illegal entry and identified his property to the arresting officers. Thus, assuming such a call was made, the fact that the 911 call

information by the wife may have been received by the arresting officers after, as Petitioner maintains, his arrest provides no material inconsistency in the arresting officer's reconstruction of the sequence of events leading to Petitioner's arrest so as to support a finding that defense counsel's cross-examination was seriously lacking without use of the 911 call tape transcript that Petitioner now asserts counsel should have requested and used to bolster his cross-examination by the arresting officer.

Moreover, Petitioner states he was arrested on an outstanding Florida warrant at least ten minutes before the victim identified the stolen property that Petitioner was carrying in a bag. McClelland Affidavit ¶ 9. Significantly, Petitioner does not dispute the existence of such a warrant and the Petitioner's detention based on such warrant thereby provided an additional basis for Petitioner's detention until the police were informed of the burglary and the stolen property was identified. Whether defense counsel effectively challenged the validity of Petitioner's continued detention and the fruits of such detention while the police investigated what they described as Petitioner's "furtive" conduct and then learned of the burglary is an issue that therefore can be assessed for habeas purposes based on the record of the suppression hearing which has been filed by Respondent without the need to reference the 911 tapes or transcripts.

Petitioner's request for a copy of a so-called CAD Report of Transmissions between the arresting officers and the communications is also unsupported by good cause as, according to Respondent, these records were provided to defense counsel.[1]

---

[1] The exact nature of such CAD Report is not further explained in the record.

Petitioner does not dispute Respondent's representation as to these records. As these records have been previously provided to Petitioner, there is no ground for the present request. Nevertheless, if Petitioner subsequently advises that he lacks such CAD Report, the court requests Respondent provide Petitioner with an additional copy, if Respondent can reasonably locate a copy of such record in the District Attorney's files on this matter.

## CONCLUSION

Based on the foregoing, Petitioner's motion is not based on a showing of good cause and, as such, is DENIED.

SO ORDERED.

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: February 25, 2010
       Buffalo, New York